JOHN B. BRESSON v. AMOS S. MUSSELMAN, WILLIAM WIDDICOMB, AND WILLIAM S. DOWNEY.

*Assignment for benefit of creditors—Bill of sale.*

A bill of sale given in payment of *bona fide* indebtedness, and not purporting to cover nor in fact covering all of the debtor's property, cannot be tortured by any legal construction of the assignment statute into an assignment for the benefit of creditors, and thereby be declared void for an unlawful preference. *Sheldon v. Mann*, 85 Mich. 265.

So *held*, where a merchant gave a bill of sale to his brother of all of his property, except a city lot with a store and dwelling-house thereon, worth not to exceed $2,400 and mortgaged for $900, and which was occupied by the debtor as a homestead, in payment of a *bona fide* debt due to the vendee, who took possession of the property and continued the business.

Error to Kalamazoo. (Buck, J.) Argued May 7, 1891. Decided May 21, 1891.

Replevin. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Earle & Hyde,* for appellants.

*O. T. Tuthill,* for plaintiff.

LONG, J. .This is an action of replevin.

Defendants Musselman & Widdicomb are wholesale grocers of Grand Rapids, and had sold goods in the year 1890 to a retail grocer at Kalamazoo, named Henry J. Bresson, a brother of the plaintiff. June 14, 1890, Henry J. Bresson, then owing about $800 for goods which were put into his stock at Kalamazoo, transferred all his property, consisting of his stock of groceries, horse, wagon, etc., to his brother, the plaintiff, in payment of an alleged indebtedness of about $950. The transfer was by a bill of sale, and was absolute to convey the title of the entire property. The possession of the stock was at once turned over to the plaintiff, who continued the business in his own name. The sale by Henry J. Bresson to plaintiff covered all his property, except a city lot with a house and store thereon. Henry J. Bresson was then, and still is, a married man, and lived in the house on said lot. This real property was mortgaged at the time for $900, and was worth not to exceed $2,400; so that what Henry J. Bresson had left of his property, either real or personal, was this homestead, covered by a mortgage which exceeded the excess over $1,500, allowed by law as exemption.

Defendants Musselman & Widdicomb, on the 15th of August, 1890, were judgment creditors of Henry J. Bresson for $237.39. August 19, 1890, they sued out executions on their judgments, and placed them in the hands of defendant Downey, a constable of Kalamazoo, who on August 21, 1890, levied upon the stock of goods in question, which were then in the possession of plaintiff, and who claimed to own them under the sale from his brother. Afterwards plaintiff brought this suit in replevin against defendants, which, upon the trial in the Kalamazoo circuit

court, resulted in a verdict for the plaintiff, finding title of the goods in him, and an award of $10 damages for their detention. Judgment being entered upon this verdict, defendants bring error.

Defendants do not ask a reversal of the judgment because of anything happening at the trial in relation to the *bona fides* of plaintiff's claim, but insist that the circuit court erred in refusing to instruct the jury as requested by defendants' counsel in their first and second requests to charge, as follows:

"1. Under the undisputed evidence in the case, the transfer of the stock of goods in question from Henry J. Bresson to plaintiff was in payment of a debt, and was substantially all of Henry J. Bresson's property, who owed other creditors for debts incurred in the business in which said stock of goods was used, who were left unprovided for; and, therefore, the sale of said stock amounted to an assignment, preferring one creditor over another, and was therefore void, and your verdict should be for defendants.

"2. Under the undisputed evidence in the case, Henry J. Bresson by such sale surrendered the dominion of his business and property to the plaintiff, and went out of business, leaving other creditors unprovided for; and the sole consideration for the sale was the debt owing by Henry J. Bresson to plaintiff; and such transfer is in law an assignment with preference, and void under the statute."

This case, under its facts, is ruled by *Sheldon v. Mann,* 85 Mich. 265. The questions raised by counsel for defendants in this case are so fully considered in *Sheldon v. Mann, supra,* that it would be but a reiteration of the principles there stated to discuss them.

The judgment must be affirmed, with costs.

The other Justices concurred.